IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHICAGO TITLE INSURANCE
COMPANY,

                Plaintiff,              OPINION AND ORDER

    v.                                       08-cv-341-bbc

RUNKEL ABSTRACT &
TITLE COMPANY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on July 14, 2009, I found that defendant Runkel Abstract & Title Company was liable to plaintiff Chicago Title Insurance Company under the terms of the parties' agency agreement in the amount of $833,250.00 and for attorney fees and expenses in an amount to be determined, plus interest accruing at a rate of five percent per year. On July 31, 2009, plaintiff filed a petition seeking $326,778.04 in attorney fees and costs, $75,104.12 in interest on the policy loss and $12,837.58 in interest on attorney fees liquidated as of October 12, 2007. Dkt. #70. Defendant challenged the petition, arguing that it should be reduced because the hourly rate for which reimbursement is sought is excessive, it includes non-compensable fees and costs associated with litigation in this court

1

and should include only interest accrued as of the date plaintiff paid the policy loss. On September 1, 2009, with permission from the court, defendant submitted an affidavit from an expert relating to the reasonableness of the fees. Dkt. #89. On September 25, 2009, plaintiff moved to strike that affidavit on the ground that defendant had ignored its repeated requests for the production of documents related to the expert's opinion. Dkt. #90. Plaintiff also has requested an additional $5,478.72 in interest on the policy loss and $936.48 in interest on liquidated attorney fees that accrued since the filing of the fee petition. Id. Defendant failed to respond to the motion to strike.

Having reviewed the parties' submissions, I will grant plaintiff's uncontested motion to strike defendant's expert report. Because I find that the attorney fees and costs requested by plaintiff are both compensable and reasonable, I will grant plaintiff's petition for an award of fees and costs in the amount of $326,778.04. Finally, I conclude that because prejudgment interest is calculated from the date of demand for payment, plaintiff is entitled to interest in the amount of $94,356.90.

## DISCUSSION

### A. Compensable Fees and Costs

Plaintiff seeks to recover attorney fees and costs as provided for in paragraph 6 of the parties' agency agreement:

2

>Agent shall be liable to and agrees to indemnify and to save harmless Principal for all attorney's fees, court costs, expenses and loss or aggregate of losses resulting from:
>
>>A.  Omissions or other inaccuracies in any commitment or policy which are disclosed by the application, the approved examiner's report or which were known to the agent;
>>
>>B. Errors and/or omissions in the abstracting or examination of title by Agent or Agent's employees and/or subcontractors, except for abstracting or examination of title provided to Agent by [Chicago Title];
>>
>>C. Failures of Agent, its officers and employees to comply with the terms of this contract or with the rules, regulations or instructions given to Agent by [Chicago Title];

Defendant argues that the agreement allows plaintiff to recover only those attorney fees that it incurred in defending the lawsuit brought by the third-party insured and not the fees that it incurred in bringing the federal court action.  However, the agreement makes clear that defendant "shall be held liable" for all attorney fees and expenses resulting from "[f]ailures of the Agent . . . to comply with the terms of this contract."  In this case, defendant failed to indemnify plaintiff for the policy loss as required under the agency agreement.  As a result, plaintiff is entitled to an award of attorney fees and costs for bringing this lawsuit to enforce the indemnification provision of the contract.  D.L. Anderson's Lakeside Leisure Co. v. Anderson, 2008 WI 126, ¶ 93, 757 N.W.2d 803, 822 ("[P]arties are entitled to attorney

3

fees under contract . . . where language clearly and unambiguously so provides.") (internal quotation omitted).

### B. Reasonableness of Fees

District courts have significant discretion in determining the amount of a fee award. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). A reasonable fee is calculated using the lodestar method, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Id. at 433. The lodestar figure can then be adjusted based on a number of factors, including the difficulty of the legal issues, the experience of the attorneys and the results obtained. Id. at 434 n. 9. However, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Id.

An attorney's actual billing rate is presumptively reasonable. People Who Care v. Rockford Board of Education, School District No. 205, 90 F.3d 1307, 1310 (7th Cir. 1996) (citing Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993)). However, to prove his actual billing rate, the attorney must "do more than merely request an hourly rate; he must present evidence to establish that the requested rate is his actual billing rate." Id. at 1311. If the attorney's true billing rate is uncertain, the court should look to "the rate charged by lawyers in the community of 'reasonably comparable skill, experience, and

4


reputation.'" People Who Care, 90 F.3d at 1311 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

In support of its petition, plaintiff submits affidavits from attorneys in the four different law firms that represented it over the course of this case. J. Bushnell Nelson of Reinhart Boerner Van Deuren S.C. acted as lead counsel for plaintiff during the initial valuation of the loss and settlement attempts with the insured. Nelson avers that plaintiff incurred $15,846.50 in fees and $1,561.86 in costs. The firm billed an hourly rate of $230 an hour for Nelson's time, $210 an hour for an associate attorney's time and $75 an hour for a clerk's time. Dkt. #72. Thomas F. Geselbracht of DLA Piper LLP acted as lead counsel for plaintiff during the litigation against the third party insured and during the federal lawsuit. Geselbracht avers that plaintiff incurred $283,061.75 in fees and $10,027.40 in costs, of which plaintiff paid $275,916.56 after write-offs and discounts. The firm billed an hourly rate of between $567 and $700 an hour for Geselbracht's time and between $463.50 and $517.50 an hour for the time of three other attorneys. Dkt. #74. Also during the litigation against the insured, Mallery & Zimmerman, S.C. acted as local counsel for plaintiff. John Wagman avers that plaintiff incurred $6,394 in fees and $654.42 in costs. His time was billed at $180 an hour, another lawyer billed $220 an hour and a staff member billed $120 an hour. Dkt. #79. In the federal lawsuit, plaintiff retained the firm of Quarles & Brady LLP as local counsel for DLA Piper. John Rothstein avers that plaintiff

5

incurred $25,937 in attorney fees and $467.70 in costs. Quarles & Brady billed Rothstein's time at between $440 and $485 an hour and the time of two associate attorneys at between $200 and $245 an hour. Dkt. #78. The affidavits submitted by plaintiff establish that the hourly rates charged by its attorneys are their actual and customary rates.

Defendant argues that the attorneys' hourly rates are unreasonable given that the policy loss in this case was only $833,000. However, "[r]easonableness has nothing to do with whether the district court thinks a small claim was 'worth' pursuing at great cost." Anderson v. AB Painting and Sandblasting Inc., 578 F.3d 542, 546 (7th Cir. 2009). Instead, the court "must assume the absolute necessity of achieving that particular result and limit itself to determining whether the hours spent were a reasonable means to that necessary end." Id. Defendant has not challenged the number of hours that plaintiff's attorneys spent working on this case. However, it argues that the hourly rates charged by all of plaintiff's attorneys, especially DLA Piper, are excessive in light of the fact that the issues in the case were not complex and did not involve highly specialized areas of law.

Because defendant argued that it did not have notice that plaintiff's attorney fees would be so high, I allowed it further opportunity to challenge the reasonableness of the claimed fees. Defendant has submitted an expert report from Terry E. Johnson, a Wisconsin attorney, who avers that other qualified attorneys would have represented plaintiff for less and questions the amount of time spent on various aspects of the litigation. Plaintiff has

6

moved to strike that report because defendant ignored its repeated requests for the production of documents related to the expert's opinion, preventing the expert's deposition from taking place.

Plaintiff is correct that Fed. R. Civ. P. 26(a)(2) requires a party to disclose data and other information considered by an expert witness and it is information that plaintiff may obtain through discovery, Fed. R. Civ. P. 34. Rule 37 (c)(1) provides that if a party fails to provide information as required in Rule 26(a), the party may not use the information unless the failure was substantially justified or is harmless. Defendant has not shown that its failure to comply with Rule 26(a)(2) was justified or harmless. Without access to the materials considered by Johnson or confirmation that Johnson had attached all relevant materials to his report, plaintiff could not depose Johnson properly or respond to his opinions. Therefore, I will grant plaintiff's motion to strike.

Even if I were to consider Johnson's report, defendant has failed to establish that the hourly rates charged by plaintiff's attorneys were not their actual and customary rates. In fact, it appears that many of the attorneys discounted their rates given their long history with plaintiff. Therefore, I must presume that the rates are reasonable. I will grant plaintiff's petition for fees and costs.

C. Prejudgment Interest

Defendant contends that plaintiff should recover prejudgment interest starting in November 2007, when plaintiff actually paid the policy loss. However, as I noted in the July 14 order, prejudgment interest is recoverable in Wisconsin for contract damages starting when demand for payment is made. United States Fire Insurance Company v. Good Humor Corp., 173 Wis. 2d 804, 833-34, 496 N.W.2d 730, 834 (1993); Wis. Stat. § 138.04. Plaintiff has produced uncontested evidence that it demanded indemnification from defendant on October 12, 2007. Therefore, plaintiff may recover prejudgment interest starting on that date.

ORDER

IT IS ORDERED that:

1. Plaintiff Chicago Title Insurance Company's motion to strike the expert report of Terry Johnson, dkt. #90, is GRANTED.

8

2. Plaintiff's petition for an award of attorney fees, costs and prejudgment interest, dkt. #70, is GRANTED. Plaintiff is awarded fees and costs in the amount of $326,778.04 and prejudgment interest in the amount of $94,356.90.

Entered this 19th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge